FILED
United States Court of Appeals
Tenth Circuit

July 11, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WILLIAM D. RUNYON,

      Petitioner-Appellant,

    v.

STATE OF KANSAS, and DAVID R.
McKUNE, Warden, Lansing
Correctional Facility,

      Respondents-Appellees.

No. 08-3026

(D. of Kan.)

(D.C. No. 06-CV-3359-CM)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

---

    William D. Runyon was convicted of possession of anhydrous ammonia

with the intent to manufacture methamphetamine. He is serving a 40-month

sentence in a Kansas prison. Proceeding pro se,[1] Runyon seeks a certificate of

---

    [*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

    [1] Because Runyon proceeds pro se, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

appealability (COA) to challenge the district court's denial of habeas corpus relief under 28 U.S.C. § 2254. Runyon seeks relief on three grounds: (1) insufficient evidence to support his conviction, (2) a suggestive "one-man show-up," and (3) a jury instruction pertaining to eyewitness testimony.

We conclude Runyon is not entitled to relief on any claim and therefore DENY his request for COA.

## I. Background

In 2003 a farm worker was feeding cattle when he witnessed a blue car approaching him. He observed a 45 to 50-year-old male with a beard and dark hair driving the car. He also observed that the car had a folded license plate. The worker then noticed that a large ammonia tank nearby had ammonia spilling out, with a smaller tank hooked up under the large tank. The local sheriffs office was notified. Based on the witness's description, Runyon was soon located with a blue car appearing to fit the description.

An officer took the witness to the location where Runyon was being questioned. On the way there an officer told the him they had found the man he described. When the witness saw Runyon, he identified him as the person he had seen leaving the farm. He also identified the blue car. Runyon was subsequently charged with one count of possessing anhydrous ammonia with intent to use it to manufacture methamphetamine. At trial, the worker testified and made an in-courtroom identification of Runyon as the man he saw driving away from the

ammonia tank. An officer also testified to the effect that the only possible intent for storing ammonia in a tank like the smaller tank found was to manufacture methamphetamine.

Runyon now seeks federal court review of his conviction under 28 U.S.C. § 2254. He petitioned the federal district court for relief on three grounds, all of which Runyon seeks to appeal in this court.

## II. Discussion

To obtain a COA, Runyon must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). This standard is satisfied by demonstrating that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

### A. Sufficiency of the Evidence

"Sufficiency of the evidence is a mixed question of law and fact." *Maynard v. Boone*, 468 F.3d 665, 673 (10th Cir. 2006). We ask whether "after viewing the evidence in the light most favorable to the prosecution, any rational

trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979). If facts in the record support conflicting inferences, we must presume "that the trier of fact resolved any such conflicts in favor of the prosecution." *Id.* at 326.

Under AEDPA our review requires that we respect state court decisions unless those decisions 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1) and (2); *see Maynard*, 468 F.3d at 673.

Runyon argues the evidence was insufficient to support his conviction. He challenges the evidence that he possessed the ammonia, as well as the evidence that he had the requisite intent to manufacture methamphetamine. On review, we agree with the district court, that found the facts in this case sufficient for Runyon's conviction of possession of ammonia with an intent to manufacture methamphetamine. For example, the evidence presented to the jury showed, among other things, (1) Runyon had no legitimate reason to obtain and store anhydrous ammonia; (2) Runyon was seen stealing the chemical, which is an agent for the production of methamphetamine; and (3) the amounts stolen were

inconsistent with their use as fertilizer and consistent with their use in drug manufacture.

In sum, the Kansas Court of Appeals applied the correct standard of review and determined that the evidence was sufficient. This determination was not unreasonable, nor was it contrary to clearly established federal law. *See* 28 U.S.C. § 2254(d)(1).

### B. Suggestive "One-man show-up"

The district court found Runyon's second ground for relief to be procedurally defaulted. On habeas, we will not review claims that have been defaulted in state courts on an independent and adequate state procedural ground, unless the petitioner demonstrates there is cause for the default and actual prejudice, or demonstrates a fundamental miscarriage of justice. *McCracken v. Gibson*, 268 F.3d 970, 976 (10th Cir. 2001).

Runyon contends his "one-man show-up," where officers escorted the primary witness to identify Runyon, when only he was present, was suggestive, and possibly tainted the witness's later in-court identification. The Kansas appellate court found Runyon's claim barred by a state procedural rule because Runyon failed to object to the witness's identification of him at trial. Runyon fails to make any showing that he has cause for this procedural default, or that a fundamental miscarriage of justice will result if we do not address the defaulted

claim. Thus, we agree with the district court that Runyon's second claim is procedurally defaulted.

### C. Eyewitness jury instruction

Finally, Runyon challenges the jury instructions used at trial. A habeas petitioner has a substantial burden to overcome when attacking a state court judgment based on an erroneous jury instruction. *Maes v. Thomas*, 46 F.3d 979, 984 (10th Cir. 1995). "A state conviction may only be set aside in a habeas proceeding on the basis of erroneous jury instructions when the errors had the effect of rendering the trial so fundamentally unfair as to cause a denial of a fair trial." *Id.* This burden, in fact, "is even greater than the showing required to establish plain error on direct appeal." *Id.*

Runyon fails to meet this high burden. He attacks the court's instruction regarding eyewitness identification, which followed a model instruction and presented seven factors for the jury to consider. Those factors differed, slightly, from the five factors adopted by the Kansas Supreme Court in *State v. Hunt*, 69 P.3d 571 (Kan. 2003), for an eyewitness jury instruction. But Runyon fails to show how the difference in the two sets of factors is meaningful, or that the jury instruction misapplies Kansas law. In fact, the instruction gave the jury considerable leeway in evaluating the accuracy of eyewitness identification, the very issue Runyon's counsel sought to convey at trial.

We agree with the district court that the instruction given did not render the trial fundamentally unfair and thus it properly denied habeas relief on this ground.

### III. Conclusion

For the reasons set forth above, we DENY Runyon's petition for a COA.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge